IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CLARK W. MOORE,**

    **Plaintiff,**

                                                          Case No. 2:16-cv-844
                                                          Judge Michael H. Watson
    v.                                                     Magistrate Judge Elizabeth P. Deavers


**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendants.**


## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of the Commissioner's Motion to Dismiss for Failure to State a Claim. (ECF No. 18.) Plaintiff, Clark W. Moore, who is proceeding without the assistance of counsel, has not responded to the Commissioner's Motion to Dismiss. For the reasons that follow, it is **RECOMMENDED** that the Commissioner's Motion be **GRANTED**.

**I.**

On December 12, 2012, Plaintiff applied for disability insurance benefits under the Social Security Act ("the Act"). (ECF No. 18-1 at PAGEID # 57.) Plaintiff's application was denied initially on February 25, 2013, and upon reconsideration on June 10, 2013. (*Id.*) Plaintiff appeared before an administrative law judge ("ALJ") for an initial video hearing on May 28, 2015. (*Id.*) On June 15, 2015, the ALJ denied Plaintiff's application. (*Id.* at PAGEID 54–72.)

On June 10, 2016, the Appeals Council sent by regular mail a notice addressed to Plaintiff, with a copy to Plaintiff's representative. (*Id.* at PAGEID ## 73–75.) The notice denied

Plaintiff's request for review of the ALJ's decision. (*Id.*) The notice also advised Plaintiff of his right to appeal by filing an action within 60 days and how to request an extension for the 60-day period:

> **Time To File a Civil Action**
>
> • You have 60 days to file a civil action (ask for court review).
>
> • The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> • If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.
>
> You must mail your request for more time to the Appeals Council at the address shown at the top of this notice. Please put the Social Security number(s) also shown at the top of this notice on your request. We will send you a letter telling you whether your request for more time has been granted.

(*Id*. at PAGEID # 74–75 (emphasis in original).)

On September 2, 2016, Plaintiff, through counsel, filed this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Social Security disability benefits and Supplement Security Income benefits. (ECF No. 1.) On the same day, Plaintiff requested leave to proceed *in forma pauperis*, which was granted on September 16, 2017. (ECF Nos. 3 and 5.)

On February 23, 2017, the Commissioner moved to dismiss this action. (ECF No. 18.) Plaintiff's counsel filed a motion for an extension of time to respond to the motion dismiss and a motion to withdraw as counsel, which were granted. (ECF Nos. 19, 20, 21, and 22.) The Court extended the deadline to May 17, 2017, for Plaintiff, now proceeding *pro se*, to respond to the

Commissioner's Motion to Dismiss. (ECF No. 22.) Despite this 60-day extension, Plaintiff has not responded to the Motion to Dismiss.

## II.

The Commissioner moves to dismiss Plaintiff's action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim because it is untimely. "[D]ismissal [under Rule 12(b)(6)] is warranted if 'the allegations in the complaint affirmatively show that the claim is time-barred.'" *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)); *see also Am. Premier Underwriters, Inc. v. Nat'l Railroad Passenger Corp.*, 839 F.3d 458, 464 (6th Cir. 2016) ("[C]ourts should not dismiss complaints on statute-of-limitations grounds when there are disputed factual questions relating to the accrual date. . . . But where one can determine from the face of the complaint that the statute of limitations has run, dismissal is appropriate." (citations omitted)). "'Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run,' and '[i]f the defendant meets this requirement then the burden shifts to the plaintiff to establish an exception to the statute of limitations.'" *Lutz*, 717 F.3d at 464 (quoting *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001)).

## III.

The Commissioner argues that Plaintiff's action is subject to dismissal because it was not timely filed under the period permitted by 42 U.S.C. § 405(g), which provides in relevant part as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision *by a civil action commenced*

3

> *within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.*

*Id*. (emphasis added). "[M]ailing" means the date the claimant receives the notice of denial of request for review from the Appeals Council. 20 C.F.R. §§ 422.210(c), 404.981; *see also Turner v. Comm'r of Soc. Sec.*, No. 1:16-cv-783, 2017 WL 3084585, at *1 (S.D. Ohio June 15, 2017) ("The Commissioner has interpreted 'mailing' as the date the individual receives notice of the Appeals Council decision."), *adopted by* 2017 WL 3053642 (S.D. Ohio July 19, 2017). "The date of receipt is presumed to be five days after the date of such notice, unless a reasonable showing to the contrary is made to the Appeals Council." *Turner*, 2017 WL 3084585, at *1; *see also Siler v. Comm'r of Soc. Sec.*, No. 16-cv-12833, 2017 WL 4002719, at *2 (E.D. Mich. Aug. 24, 2017) ("An individual is presumed to have received notice of the Commissioner's decision five days after the mailing of such notice." (citing 20 C.F.R. §§ 404.901, 422.210(c))), *adopted by* 2017 WL 3977927 (E.D. Mich. Sept. 11, 2017). The "60–day requirement is not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). This requirement "is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Id*. at 481.

The Commissioner is authorized to toll the 60-day limit and district courts may also apply equitable tolling principles to the 60-day requirement. *Bowen*, 476 U.S. at 480. Courts consider the following factors when determining whether to apply the doctrine of equitable tolling:

> (1) the petitioner's lack of actual notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)).

Equitable tolling therefore "generally applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 49 (6th Cir. 2008). Because "'federal courts sparingly bestow equitable tolling[,]'" the plaintiff has the burden of showing that extraordinary circumstances justify equitable tolling. *Id*. (quoting *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 561 (6th Cir. 2000)); *see also Cook*, 480 F.3d at 437 ("Section 405(g) of the Social Security Act authorizes the Commissioner to toll the 60-day limitations period under appropriate circumstances." (citing 42 U.S.C. § 405(g))). For example, equitable tolling does not apply where an attorney fails to timely file a complaint, absent evidence that the late filing was out of the attorney's control. *Id*. (recognizing that waiting until the last day to file and providing inaccurate credit card information are the actions of the plaintiff's attorney, "but that fact is immaterial here" because "the actions of a privately retained attorney are imputed to the client"); *see also Hoag v. Comm'r of Soc. Sec*., No. 1:09–cv–803, 2010 WL 458872, at *3 (W.D. Mich. Feb. 3, 2010) ("Counsel's errors [in failing to timely file the complaint in district court] may provide plaintiff with a basis for a malpractice action, but they do not provide a basis for equitable tolling.").

Applying the 60-day requirement and foregoing principles to the instant case, the Appeals Council's denial notice was dated June 10, 2016. (ECF No. 18-1 at PAGEID # 73.) Plaintiff is presumed to have received the denial notice on June 15, 2016. Accordingly, in order to comply with the sixty-day limitations period of Section 405(g), Plaintiff had to file his

Complaint on or before August 15, 2015.[1]  Plaintiff, however, did not file the Complaint until September 2, 2016.  (ECF No. 1.)

Plaintiff, who has not responded to the Motion to Dismiss, has not shown that the 60-day period should be extended.  First, the Commissioner represents that she is unaware that Plaintiff has asked the Appeals Council to extend the time period for filing his action in this Court.  (Declaration of Roxie Rasey Nicoll, ECF No. 18-1, PAGEID # 52, ¶ 3(b)).  Second, Plaintiff does not contend that he lacked notice of the filing requirements or otherwise advance any arguments in opposition to the Commissioner's Motion to Dismiss.  Notably, for the reasons discussed above, Plaintiff's counsel's failure to timely file the Complaint does not, based upon the present record, warrant tolling the 60-day period.

In light of the foregoing, the Undersigned finds that Plaintiff failed to timely file his Complaint.  It is therefore **RECOMMENDED** that Commissioner's Motion to Dismiss be **GRANTED**.  (ECF No. 18.)

## IV.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

---

[1] Sixty days from June 15, 2016, is Sunday, August 14, 2016.  Because the deadline fell on a Sunday, the deadline was the next business day, August 15, 2016.  Fed. R. Civ. P. 6(a)(3)(A).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: October 4, 2017            /s/ *Elizabeth A. Preston Deavers*
                                 ELIZABETH A. PRESTON DEAVERS
                                 UNITED STATES MAGISTRATE JUDGE